Christian Keeney CA Bar No. 269533
christian.keeney@ogletree.com
Alis M. Moon CA Bar No. 293897
alis.moon@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendant
Central Transport LLC

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

DEAN KNOX, an individual,

Plaintiff,

v.

CENTRAL TRANSPORT LLC, a Michigan Limited Liability Company, CENTRAL TRANSPORT INTERNATIONAL, INC., a Michigan Corporation, and DOES 1 through 100, inclusive,

Defendants.

Case No. Pending '22CV55 W BGS

**DEFENDANT CENTRAL TRANSPORT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

**[DIVERSITY JURISDICTION]**

Complaint Filed: December 14, 2021
Trial Date: None Set
District Judge: Hon. TBD
Magistrate Judge: Hon. TBD

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Central Transport LLC ("Defendant"), petitions the Court to remove this action from the Superior Court of the State of California for the County of San Diego to the United State District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1332, 1441, and 1446 because complete diversity of citizenship exists between Plaintiff Dean Knox ("Plaintiff") and Defendant, the amount in controversy exceeds $75,000, and the foregoing facts were also true when Plaintiff filed the Complaint.

## I. THE STATE COURT ACTION

1. On December 14, 2021, Plaintiff filed an action against Defendant entitled "Central Transport LLC, a Michigan Limited Liability Company, Central Transport International, Inc., a Michigan Corporation, and DOES 1 through 100, inclusive," in San Diego County Superior Court, Case No. 37-2021-00052067. A true and correct copy of the Summons and Complaint is attached as **Exhibit "A."**

2. On December 15, 2021, Plaintiff personally served Defendant's registered agent with the Summons and Complaint. *See* Declaration of Kevin Kalczynski ("Kalczynski Decl.") at ¶ 7. A true and correct copy of all other documents that were served on Defendant in this action with the Summons and Complaint is attached as **Exhibit "B."**

3. On December 23, 2021, Plaintiff filed a Request for Dismissal as to Defendant Central Transport International, Inc., which was entered on that same date. A true and correct copy of the dismissal is attached as **Exhibit "C**."

4. On January 13, 2021, Defendant timely filed and served its Answer to the Complaint in San Diego County Superior Court. A true and correct copy of the Answer is attached as **Exhibit "D."**

## II. REMOVAL IS TIMELY

5. A defendant in a civil action has 30 days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b) ("[A] notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.").

6. As explained in Paragraph No. 2 above, Plaintiff served the Summons and Complaint on Defendant's registered agent on December 15, 2021. Because Defendant filed this removal within 30 days of service of the Summons and Complaint, removal is timely.

## III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES

### A. Plaintiff is a citizen of California.

7. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).

8. Plaintiff alleges in his Complaint that he "is and was a resident of the City of La Mesa, State of California." Compl., ¶ 1. Plaintiff's allegations constitute *prima facie* evidence of domicile, which creates a rebuttable presumption sufficient to support removal. *See Sololoff v. LRN Corp*., 2013 WL 4479010, at *2-3 (C.D. Cal. 2013) (finding that the removing defendant "carried its burden of showing diversity" because it had presented evidence of plaintiff's residence, which was "'prima facia' [sic.] evidence of his domicile, and thus of his citizenship," and plaintiff failed to provide evidence of a different domicile); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, but the place of residence is *prima facie* the domicile.").

9. Plaintiff's domicile in California is further established by: (a) his continued employment with Defendant in California from approximately March 10, 2009 to January 19, 2021; (b) his last known residence in the County of San Diego at the time his lawsuit was filed; and (c) his job application with Defendant showing that he resided and continuously worked in California for over 10 years at the time he applied for employment with Defendant. Compl. ¶¶ 1, 17; Kalczynski Decl. at ¶¶ 9-10; *see Kyung Park v. Holder*, 572 F.3d 619, 624-25 (9th Cir. 2009) (current residence and place of employment evidence of the intention to remain); *Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (so long as a plaintiff has not completed a move to another state, the plaintiff's domicile remains at the place of his or her last residence at the time a suit was filed).

10. Based on the foregoing, Defendant has satisfied its burden to create a rebuttable presumption that Plaintiff is a citizen of California.

**B. Defendant is a citizen of the state of Michigan.**

11. Defendant is a Michigan limited liability company with its principal place of business in Warren, Michigan. *See* Kalczynski Decl. at ¶ 3. Because Defendant is a limited liability company, it is treated as a citizen of all states where its members/owners are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding that, like a partnership, the citizenship of an LLC is the citizenship of all its members, rather than applying the two-part corporate citizenship rule (place of incorporation and principal place of business)); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

12. The "'principal place of business' [as contained in 28 U.S.C. § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1184 (2010). In other words, the principal place of business is the place where the

corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

13. When the Complaint was filed, and continuing through the present, Defendant's owner/member was and is LTL Holding Company, LLC. LTL Holding Company, LLC is Michigan limited liability company with its principal place of business in Warren, Michigan. *See* Kalczynski Decl. at ¶¶ 4-5. The entity's primary management offices and operations are all located at its company headquarters in Warren, Michigan. Kalczynski Decl. at ¶ 5. Further, the direction, control and coordination of this entity's activities take place from its corporate headquarters in Warren, Michigan. *Id.* The owners/members of LTL Holding Company, LLC are Matthew T. Moroun, Matthew J. Moroun, and Matthew T. Moroun as trustee of the LSM 2020 Trust ("Trust"). *See* Kalczynski Decl. at ¶ 6. The Trust is formed under the laws of the state of Michigan and has its principal place of business in Warren, Michigan. *Id.* Matthew T. Moroun and Matthew J. Moroun are individual citizens and residents of the state of Michigan. *Id.*

14. Accordingly, Defendant is a citizen of the State of Michigan.

15. Because Plaintiff is a California citizen and Defendant and its members are not California citizens, complete diversity among the parties exists now, and did so when Plaintiff filed this action on December 14, 2021.

## IV. THE JURISDICTIONAL MINIMUM IS SATISFIED

16. This Court's jurisdictional minimum of an amount in controversy over $75,000 was satisfied at the time of the filing of this action, and still is satisfied, as is explained below.[1]

17. As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal.

[1] Defendant discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy in this matter exceeds $75,000. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of his theories.

Knox (Individual Lawsuit) - Notice

5

Case No. Pending

DEFENDANT CENTRAL TRANSPORT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). As these pleadings show, the amount in controversy here is at least $75,000.

**A. <u>Missed Meal and Rest Period Premiums</u>**

18. Plaintiff alleges that Defendant failed to provide Plaintiff with meal and rest periods during his employment. (Compl. ¶¶ 17, 20; Prayer for Relief No. 8.)

19. Under California law, employees who miss meal and rest periods are entitled to one hour of premium pay for each day that a meal period is missed and one hour of premium pay for each day that a rest period is missed (*i.e.*, two hours of premium pay for each day that both a meal and rest period are missed). *See United Parcel Service, Inc. v. Super. Ct.*, 192 Cal.App.4th 1425 (2011).

20. Meal and rest period claims are properly considered in determining the amount in controversy. *See, e.g., Muniz v. Pilot Travel Ctr. LLC*, 2007 WL 1302504, at *4 (E.D. Cal. May 1, 2007); *Helm v. Alderwoods Group, Inc.*, 2008 WL 2002511, at *8 (N.D. Cal. May 7, 2008).

21. The statute of limitations for missed meal and rest period claims is three years. *See* Cal. Code of Civ. Proc. § 338(a). Three years before the date Plaintiff filed this Complaint is December 14, 2018. Thus, the applicable time period for determining the amount in controversy for Plaintiff's missed meal and rest period claims is between December 14, 2018 and the end of Plaintiff's employment on January 19, 2021 (approximately 110 weeks). *See* Kalczynski Decl. at ¶ 10.

22. Plaintiff alleges that he was "routinely unable, and not authorized to take his ten (10) minute rest periods and was also unable to take an uninterrupted thirty (30) minute meal break for every shift he worked." (Compl. ¶ 16.) *See Saulic v. Symantec Corp.*, 2007 WL 5074883, at *7-8 (C.D. Cal. Dec. 26, 2007) ("Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff."); *Unutoa v. Interstate Hotels & Resorts, Inc.*, 2015 WL 898512, at *3 (C.D. Cal. Mar. 3, 2015) (assuming a 100% violation rate where the plaintiff alleged that the defendant "routinely" violated the Labor Code).

23. Based on Plaintiff's allegation that he was "routinely" not provided with rest periods and not provided with compliant meal periods "every shift he worked," Plaintiff is potentially entitled to **$16,225** in missed rest period premium payments ($29.50/hr x 110 weeks x 5 days a week) and **$16,225** in missed meal period premium payments ($29.50/hr x 110 weeks x 5 days a week).

**B. Waiting Time Penalties**

24. Plaintiff alleges that Defendant "failed to pay Plaintiff all wages due to Plaintiff at the time of termination" and seeks waiting time penalties pursuant to Labor Code section 203 as a result. (Compl. ¶¶ 32, 34; Prayer for Relief No. 3.)

25. Waiting-time penalties should be considered in determining the amount in controversy. *See, e.g., Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982 (S.D. Cal. 2005).

26. Waiting-time penalties are calculated by multiplying the employee's daily rate of pay by the number of days that the employee was not paid, up to a maximum of 30 days. Cal. Labor Code § 203.

27. Plaintiff was expected to work at least five days a week for an average of 40 hours per week. *See* Kalczynski Decl. at ¶ 10. Accordingly, Plaintiff's average daily rate of pay in controversy is $236 (8/hrs. per day x $29.50 per hour). Because Plaintiff's employment with Defendant ended on January 19, 2021, Plaintiff is potentially entitled to **$7,080** ($236 daily rate x 30 days) in waiting time penalties.

**C. Itemized Wage Statement Penalties**

28. Plaintiff alleges that Defendant failed to provide accurate itemized wage statements as required by California Labor Code section 226 ("Section 226") and seeks penalties pursuant to Section 226(e). (Compl. ¶¶ 27-28; Prayer for Relief No. 4.)

29. Section 226(e) provides penalties for inaccurate wage statements as follows: the "greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for

each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000)[.]"

30. Penalties under Section 226 are properly considered in determining whether the amount-in-controversy requirement is met. *See Saulic v. Symantec Corp.*, 2007 WL 5074883, at *7-8 (C.D. Cal. Dec. 26, 2007) ("Courts as a matter of law, calculate the amount in controversy based upon the maximum amount of civil penalties available to plaintiff.").

31. Because the maximum amount of wage statement penalties available to Plaintiff is $4,000, the amount in controversy for wage statement penalties is **$4,000**.

**D. Failure to Timely Pay Wages**

32. Plaintiff alleges that Defendant failed to comply with Labor Code section 204 ("Section 204") because "Plaintiff did not receive all of his wages earned in a timely manner." (Compl. ¶ 43; Prayer for Relief No. 9.)

33. California Labor Code section 210 ("Section 210") sets out the penalties for violating Section 204, stating: "(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." Cal. Labor Code § 210(a).

34. Penalties under Section 210 for alleged violations of Section 204 are properly considered in determining the amount-in-controversy. *See Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *18 (C.D. Cal. June 22, 2012) (calculating penalties under Section 210 for purposes of determining the amount-in-controversy).

35. The statute of limitations for a violation of Section 204 is one year. Cal. Civ. Code § 340(a). The applicable statute of limitations period here is December 14, 2020 to January 19, 2021, which is approximately five weeks. Because Plaintiff was paid on a weekly basis, there are five pay periods at issue for purposes of Plaintiff's Section 204 claim. *See* Kalczynski Decl. at ¶ 10. Accordingly, not including the 25

Knox (Individual Lawsuit) - Notice

8

Case No. Pending

DEFENDANT CENTRAL TRANSPORT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

percent of all wages withheld that Plaintiff may seek to recover, the amount in controversy for this claim is **$900** ($100 for the initial violation + $800 for four subsequent violations).

**E. <u>Unpaid Minimum Wages</u>**

36. Plaintiff alleges that Defendant failed to pay for all hours worked and that he was required to work off the clock, including spending an hour to test for drugs and alcohol outside of work hours. (Compl. ¶ 22.)

37. Unpaid minimum wages are properly considered in determining the amount in controversy. *See Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *7 (C.D. Cal. May 9, 2018) (considering unpaid minimum wages as part of the amount in controversy).

38. An assumption of one hour of unpaid minimum wages for every workweek has been accepted by the federal courts as a reasonable and conservative figure for purposes of calculating the amount in controversy. *See Lucas v. Michael Kors (USA), Inc.*, 2018 WL 2146403, at *7 (C.D. Cal. May 9, 2018) (one hour of unpaid minimum wages per week is a reasonable assumption for purposes of calculating the amount in controversy and noting that "other courts within the Ninth Circuit have accepted a rate of one violation per workweek as an acceptable basis for calculating the amount in controversy."); *Jasso v. Money Mart Express, Inc.*, 2021 WL 699465, at *5-6 (N.D. Cal. March 1, 2012) (holding that calculating at least one violation per week was a "sensible reading of the alleged amount in controversy.").

39. As noted above, the relevant time period here is from December 14, 2018 to January 19, 2021. Between December 14, 2018 and December 31, 2018 (2 weeks), the applicable minimum wage rate in California was $11.00 per hour; between January 1, 2019 and December 31, 2019 (52 weeks), the minimum wage rate was $12.00 per hour; between January 1, 2020 and December 31, 2020 (52 weeks), the minimum wage rate was $13.00 per hour; and between January 1, 2021 and January 19, 2021 (3 weeks), the minimum wage rate was $14.00 per hour.

Knox (Individual Lawsuit) - Notice

9

Case No. Pending

DEFENDANT CENTRAL TRANSPORT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

40. Here, based on the conservative estimate of one hour of alleged unpaid minimum wages per week, the amount in controversy for purposes of Plaintiff's claim is at least **$1,364**. [(2 weeks x 1 hr/wk. x $11/hr) + (52 weeks x 1 hr/wk. x $12/hr) + (52 weeks x 1 hr/wk. x $13/hr) + (3 weeks x 1 hr/wk. x $14/hr)].

41. Plaintiff also seeks liquidated damages pursuant to Labor Code section 1194.2, which is a penalty "equal to the wages unlawfully unpaid and interest thereon." *See* Lab. C. § 1194.2. As such, Plaintiff has put an additional **$1,364** in controversy. *See e.g., Graham v. IFCO Systems N.A., Inc.*, 2017 WL 1243498, at *8 (C.D. Cal. Mar. 3, 2017) (considering liquidated damages part of the amount in controversy).

42. Based on the above, the amount in controversy for Plaintiff's claim for unpaid minimum wages, including liquidated damages, is at least **$2,728**.

**F. <u>Unpaid Overtime Wages</u>**

43. In addition to seeking unpaid minimum wages, Plaintiff separately alleges that Defendant "failed to pay all overtime wages due to Plaintiff." (Compl. ¶ 23.) Plaintiff seeks to recover unpaid overtime and related penalties. (Prayer for Relief Nos. 5 & 7.)

44. Unpaid overtime wages are properly considered in determining the amount in controversy. *See, e.g., Rhoades v. Progressive Cas. Ins. Co., Inc.*, 410 Fed.Appx. 10, 11 (9th Cir. 2010) (amount of unpaid overtime properly considered in determining the amount in controversy).

45. An assumption of one hour of unpaid overtime for every workweek has been accepted by the federal courts as a reasonable and conservative figure for purposes of calculating the amount in controversy. *See Vallejo v. Sterigenics U.S., LLC*, 2021 WL 2685348, at *4 (S.D. Cal. June 29, 2021) (finding that one hour of unpaid overtime per week was a proper assumption); *Jasso v. Money Mart Express, Inc.*, 2021 WL 699465, at *5-6 (N.D. Cal. March 1, 2012) (holding that calculating at least one violation per week was a "sensible reading of the alleged amount in controversy"); *Ray v. Wells Fargo Bank, N.A.*, 2011 WL 1790123, at *6-7 (C.D. Cal.

May 9, 2011). This is especially the case where, as here, the plaintiff fails to provide specific allegations concerning the frequency of which he worked overtime without being provided the requisite compensation. *See Byrd v. Masonite Corp.*, 2016 WL 2593912, at *5 (C.D. Cal. May 5, 2016).

46. Here, based on the conservative estimate of one hour of alleged unpaid overtime per week, the amount in controversy for purposes of Plaintiff's claim is at least **$4,867.50** ($44.25/hr x 110 weeks).

**G. <u>Penalties Pursuant to Labor Code section 558</u>**

47. Plaintiff also seeks penalties pursuant to Labor Code section 558 ("Section 558") for the alleged overtime violations. (Prayer for Relief No. 5.)

48. Claims for penalties under Section 558 are properly considered in determining the amount in controversy. *See e.g., Taylor v. Interstate Grp., LLC*, 2016 WL 861020, at *5 (N.D. Cal. Mar. 7, 2016).

49. Pursuant to Section 558, an employee may recover a penalty of: "(1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) Wages recovered pursuant to this section shall be paid to the affected employee. Cal. Labor Code § 558.

50. The statute of limitations for a violation of Section 558 is one year. Cal. Civ. Code § 340(a). As noted above, the applicable statute of limitations period here is from December 14, 2020 to January 19, 2021 (*i.e.*, five pay periods). Accordingly, the amount in controversy for this claim is **$450** ($50 for the initial violation + $400 for four subsequent violations).

**H. Unreimbursed Business Expenses**

51. Plaintiff seeks to recover unreimbursed business expenses, including computer, cell phone, and internet expenses. (Compl. ¶ 38; Prayer for Relief No. 6.)

52. Compensation for unreimbursed business expenses are properly considered in determining the amount in controversy. *See e.g., Cavada v. Inter-Cont'l Hotels Grp., Inc.*, 2019 WL 5677846, at *7 (S.D. Cal. Nov. 1, 2019) (considering unreimbursed business expenses for purposes of determining the amount in controversy).

53. While Plaintiff fails to allege the amount of alleged unreimbursed business expenses he is seeking to recover, courts have found that $20.00 per month in unreimbursed expenses is a reasonable and conservative estimate. *See Cavada*, *supra*, 2019 WL 5677846, at *7 (S.D. Cal. Nov. 1, 2019) ("Defendants' use of $20 per month for daily reimbursable cell phone expenses is on the conservative side"); *Castro v. ABM Indus., Inc.*, 2017 WL 4682816, at *4-5 (N.D. Cal. Oct. 19, 2017) (finding an estimate of $27.14 per month for business expenses was reasonable for purposes of calculating the amount in controversy).

54. Based on the above, the amount in controversy for Plaintiff's claim for unreimbursed business expenses is at least **$500** ($20/month x 25 months).

**I. Attorneys' Fees**

55. Plaintiff also seeks to recover attorneys' fees. (Compl. ¶¶ 19, 24, 34, 39; Prayer for Relief No. 10.) Attorneys' fees may therefore be included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

56. Attorneys' fees awards in other employment actions with similar claims show that attorneys' fees awards alone in wage and hour cases often exceed $75,000. *See e.g., Lippold v. Godiva Chocolatier, Inc.*, 2010 WL 1526441, at *4 (N.D. Cal. 2010) ("a typical individual wage and hour case generates fees in excess of

$100,000"); *Good Nite Inn Mgmt., Inc. v. Ahmed*, 2011 WL 2565257, at *1-2, 12 (Cal. Ct. App. 1st Dist. June 29, 2011) (affirming attorneys' fees of $210,625.75 to single plaintiff for overtime and missed break claims).

57. On February 19, 2020, Plaintiff's counsel, Roman Otkupman, represented that his hourly rate at that time was $630 per hour. *See Kuhn v. Primefright Aviation Services, Inc.*, No. 2:18-CV-02340-JAM-AC, Dkt. No. 25-1; *see also Kuhn v. Primeflight Aviation Servs., Inc.*, 2020 WL 1443698, at *3 (E.D. Cal. Mar. 24, 2020) (granting Mr. Otkupman's request for attorneys' fees).

58. District courts have found hourly rates higher than Mr. Otkupman's currently hourly rate to be reasonable. *See e.g., Murphy v. City of El Cajon*, 2019 WL 3936143, at *7 (S.D. Cal. Aug. 19, 2019) (finding $650 per hour to be an appropriate hourly rate given counsel's experience litigating wage and hour and employment matters); *Kries v. City of San Diego*, 2021 WL 120830, at *8 (S.D. Cal. Jan. 13, 2021) (finding hourly rates up to $650 to be reasonable in a wage and hour action); *see also Brinker v. Normandin's*, 2017 WL 713554, at *3 (N.D. Cal. Feb. 23, 2017) (setting a rate of $650 per hour as reasonable for an experienced attorney); *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 980 (S.D. Cal. 2014) (holding that an hourly rate of $650 per hour was reasonable for a partner); *Huhmann v. FedEx Corp.*, 2015 WL 6127198, at *4 (S.D. Cal. Oct. 16, 2015), *aff'd sub nom. Huhmann v. Fed. Express Corp.*, 874 F.3d 1102 (9th Cir. 2017) (approving hourly rate of $650 for lead attorney).

59. Estimates for the number of hours expended through trial for single plaintiff wage and hour cases is in this district is approximately 100 hours. *See Garcia v. Commonwealth Fin. Network*, 2020 WL 6886267, at *9 (S.D. Cal. Nov. 24, 2020) (finding 100 hours of attorney time to be "a reasonable and conservative estimate to litigate [the plaintiff's] wage and hour claims through trial."). Other courts have estimated that the number of hours expended through trial for employment cases is up to 300 hours. *See Sawyer v. Retail Data, LLC*, 2015 WL 3929695, at *3 (C.D. Cal. Apr. 29, 2015) (finding an estimate of 300 hours to be expended in an employment

law case was reasonable)*; see also Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *6 (C.D. Cal. Mar. 3, 2015); *Melendez v. HMS Host Family Restaurants, Inc*., 2011 WL 3760058, at *4 (C.D. Cal. Aug. 25, 2011).

60. Based on the above, to litigate this case through trial at Mr. Otkupman's most recent hourly rate, it is conservative and reasonable to anticipate that Plaintiff's attorneys' fees will be at least **$63,000** ($630 per hour x 100 hours).

**J. <u>Lost Wages</u>**

61. Plaintiff's seeks "compensatory damages including lost wages, earnings, retirement benefits and other employee benefits." (Prayer for Relief No. 1.)

62. The Court may consider lost earnings in determining the amount in controversy. *See Kroske v. US Bank Corp*., 432 F.3d 976, 980 (9th Cir. 2005) (trial court properly considered evidence of plaintiff's lost wages in determining that the amount in controversy exceeded $75,000).

63. Plaintiff was employed by Defendant from approximately March 10, 2009 to January 19, 2021. Compl. ¶ 5; Kalczynski Decl. at ¶ 10. Plaintiff alleges that he earned $29.50 per hour and Plaintiff worked an average of 40 hours per week, which is approximately $1,180 per week in base pay. *Id.*

64. Based on Plaintiff's weekly earnings of $1,180 per week, Plaintiff's lost earnings since the end of his employment on January 19, 2021, currently total approximately **$60,180** ($1,180 per week x 51 weeks).

65. Based on Plaintiff's allegations, Plaintiff has put in controversy at least **$60,180** in lost earnings.

**K. <u>Total Amount in Controversy</u>**

66. Removal is proper as it is more likely than not, based on the allegations in the Complaint and the Notice of Removal, that the value of Plaintiff's claims exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

Knox (Individual Lawsuit) - Notice

14

Case No. Pending

DEFENDANT CENTRAL TRANSPORT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

67. Based on the calculations provided above, which are derived from Plaintiff's allegations, the total amount in controversy (excluding punitive damages)[2] is as follows:

| Claim | Amount in Controversy |
|---|---|
| Unpaid Meal and Rest Period Premiums | $32,450 |
| Waiting Time Penalties | $7,080 |
| Wage Statement Penalties | $4,000 |
| Penalties for Failure to Timely Pay Wages | $900 |
| Unpaid Minimum Wages | $2,728 |
| Unpaid Overtime Wages | $4,867.50 |
| Penalties Pursuant to Labor Code § 558 | $450 |
| Unreimbursed Business Expenses | $500 |
| Attorneys' Fees | $63,000 |
| Lost Wages | $60,180 |
| **Total:** | **$176,155.50** |

## V. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

68. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

69. This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

70. In accordance with 28 U.S.C. § 1446(a), this Notice of Removal is accompanied by **Exhibits A** through **D**, which are copies of all process, pleadings, and orders served on Defendant.

71. In accordance with 28 U.S.C. § 1446(b), Defendant's Notice of Removal was filed within 30 days after the initial service on Defendant on December 15, 2021.

[2] Plaintiff also seeks "punitive damages, in an amount to be ascertained, according to proof, that will sufficiently punish the named Defendants, make an example of said Defendants, and deter future conduct." (Prayer for Relief No. 2.)

72. In accordance with 28 U.S.C. § 1446(d), Defendant will give written notice of the original removal of this action to Plaintiff via his counsel and file a copy of that Notice with the San Diego County Superior Court.

## VI. CONCLUSION

73. Because jurisdiction is proper under 28 U.S.C. § 1332 (diversity), Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: January 14, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: ***/s/Alis M. Moon***
Christian Keeney
Alis M. Moon
Attorneys for Defendant
Central Transport LLC

Knox (Individual Lawsuit) - Notice

16

Case No. Pending

DEFENDANT CENTRAL TRANSPORT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

# EXHIBIT A

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

CENTRAL TRANSPORT LLC, a Michigan Limited Liability Company, **Additional Parties Attached**

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

DEAN KNOX, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/14/2021 at 08:55:02 AM
Clerk of the Superior Court
By Veronica Navarro, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* North County Regional Center
325 South Melrose
Vista, CA 92081

CASE NUMBER:
*(Número del Caso):*
37-2021-00052095-CU-OE-NC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Roman Otkupman: 5743 Corsa Ave, Suite 123, Westlake Village CA 91362; (818)293-5623

DATE: *(Fecha)* 12/14/2021 Clerk, by *(Secretario)* V. Navarro, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: **Central Transport, LLC, a Michigan Limited Liability Company**

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☑ other *(specify)*: LLC -17701.16

4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
| --- | --- |
| Dean Knox v. Central Transport LLC, et al. | 37-2021-00052067-CU-OE-NC |

INSTRUCTIONS FOR USE

- This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
- If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff ☑ Defendant ☐ Cross-Complainant ☐ Cross-Defendant

CENTRAL TRANSPORT INTERNATIONAL, INC., a Michigan Corporation, and DOES 1 through 100, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

ADDITIONAL PARTIES ATTACHMENT
Attachment to Summons

Roman Otkupman, CSBN 249423
*Roman@OLFLA.com*
OTKUPMAN LAW FIRM, A LAW CORPORATION
5743 Corsa Ave, Suite 123
Westlake Village, CA 91362
Telephone: (818) 293-5623
Facsimile: (888) 850-1310

Attorneys for Plaintiff,
Dean Knox

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/14/2021 at 08:55:05 AM
Clerk of the Superior Court
By Veronica Navarro, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

DEAN KNOX, an individual,

Plaintiff,

vs.

CENTRAL TRANSPORT LLC, a Michigan Limited Liability Company, CENTRAL TRANSPORT INTERNATIONAL, INC., a Michigan Corporation, and DOES 1 through 100, inclusive,

Defendants.

CASE NO. 37-2021-00052067-CU-OE-NC

**COMPLAINT FOR DAMAGES:**

1. **FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE §§ 226.7, 512 AND 558);**
2. **FAILURE TO PAY ALL WAGES IN VIOLATION OF (LABOR CODE §§ 510, 1194, 1194.2);**
3. **KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS (LABOR CODE §§ 226(a), (e));**
4. **FAILURE TO TIMELY PAY WAGES DUE AT TERMINATION (LABOR CODE §§ 201-203);**
5. **FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF LABOR CODE § 2802**
6. **FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF (LABOR CODE § 204(a)(b))**

**REQUEST FOR JURY TRIAL**

///

///

Plaintiff, Dean Knox, complains and alleges as follows:

## GENERAL ALLEGATIONS

(Against Defendant and all DOE Defendants)

1. At all times herein mentioned, Plaintiff Dean Knox, is and was a resident of the City of La Mesa, State of California.

2. At all times herein mentioned, Defendants Central Transport LLC and Central Transport International, Inc. and Does 1-100 (hereinafter also referred to as "Defendants"), were licensed to do business within the City of San Marcos, County of San Diego. Defendants employed the Plaintiff at 444 E. Barham Drive, San Marcos, CA 92078. Plaintiff is informed and believes that said Defendants employed more than 5 employees within a 50-mile radius of the location where Plaintiff was employed.

3. The Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or associate, of those defendants fictitiously sued as DOES 1 through 100 inclusive and so the Plaintiff sues them by these fictitious names. The Plaintiff is informed and believes that each of the DOE defendants reside in the State of California and are in some manner responsible for the conduct alleged herein. Upon discovering the true names and capacities of these fictitiously named Defendants, the Plaintiff will amend this complaint to show the true names and capacities of these fictitiously named defendants.

4. Unless otherwise alleged in this complaint, the Plaintiff is informed, and on the basis of that information and belief alleges that at all times herein mentioned, each of the remaining codefendants, in doing the things hereinafter alleged, were acting within the course, scope, and under the authority of the agency, employment, or representative capacity, with the consent of her/his codefendants.

5. Plaintiff began working for Defendants on or about March 14, 2009. While working for Defendant as a Truck Driver/Doc Worker, Plaintiff was earning ($29.50) dollars per hour.

6. Plaintiff was routinely unable and not authorized to take his ten (10) minute rest periods and was also unable to take an uninterrupted thirty (30) minute meal break for every shift he worked. Specifically, Plaintiff was forced to continue working through his meal and rest breaks in order to assist Defendant's needs. Because of this, Plaintiff was unable to take his required breaks. Moreover, Defendant failed to pay premium wages of one hour's pay for each missed meal and rest break to Plaintiff.

7.     Plaintiff was required to work off the clock for Defendants, such as taking a drug and alcohol test. Plaintiff was required to test for drug and alcohol. Defendants did not compensate Plaintiff if these tasks were completed outside of his regular work hours. Specifically Plaintiff, from the time that Plaintiff entered the testing facility, it took Plaintiff on the average of 1 hour. These excess hours were not recorded on our client's wage statements. Plaintiff should have been compensated for that time, but he was not in violation of Labor Code Sections 510, 1194, and 1194.2. As a result, Plaintiff was not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

8.     Plaintiff also claims that Defendant has failed to pay all overtime wages due Plaintiff. As a result, Plaintiff was not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Plaintiff regularly worked in excess of eight (8) hours in a day or more than forty (40) hours per week and did not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff was forced to work overtime and was not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

9.     Defendant also failed to provide Plaintiff with accurately itemized wage statements in compliance with Labor Code section 226(a). Specifically, Plaintiff's wage statements failed to accurately state all gross wages earned, all net wages earned, total hours worked, and the applicable hourly rates during the pay period. These violations also violate Labor Code sections 226(e) and 226.3.

10.     Additionally, Defendant failed to pay all final wages due to Plaintiff at the time of his termination in violation of Labor Code sections 201 – 203.

11.     Plaintiff has incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

12.     Defendant pays Plaintiff on a weekly basis and has failed to comply with Labor Code § 204(a) which holds that wages earned on a weekly basis must be paid no later

than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff did not receive all of his wages earned in a timely manner as required by Labor Code § 204(a)(b).

13. The foregoing and following actions taken towards Plaintiff that are alleged in this complaint were carried out by managerial employees and agents of said Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage the Plaintiff.

**VENUE AND JURISDICTION**

14. Venue is proper under *Code of Civil Procedure* section 395, in that Plaintiff's injuries were incurred within this jurisdiction, and the actions that gave rise to Plaintiff's complaint arose within this jurisdiction.

**FIRST CAUSE OF ACTION**

**FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS OR COMPENSATION IN LIEU THEREOF (LABOR CODE §§ 226.7, 512, 558)**

15. Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

16. Plaintiff was routinely unable, and not authorized to take his ten (10) minute rest periods and was also unable to take an uninterrupted thirty (30) minute meal break for every shift he worked. Specifically, Plaintiff was forced to continue working through his meal and rest breaks to assist Defendant's needs. Plaintiff is entitled to one hour of pay for each day that Defendants failed to properly provide one or more meal and rest periods as set forth in the IWC Wage Orders and Labor Code §§ 226.7, 512, and 558.

17. Defendants have failed to provide Plaintiff one or more meal and rest periods during his employment. Defendants have failed to compensate him at the rate of one hour or pay at his regular rate of pay for each day on which one or meal and rest periods were not provided.

18. Pursuant to Labor Code §§ 226.7 and 512, Plaintiff seeks the payment of all meal and rest period compensations, which he was owed since he commenced working for Defendants, according to proof.

19. Additionally, Plaintiff is entitled to, and seeks, attorney's fees and costs, and prejudgment interest.

20. Accordingly, Plaintiff is entitled to one (1) hour of compensation at his regular

hourly rate for each meal period not taken and one (1) hour of compensation at his regular hourly rate for each rest period not taken in penalty, pursuant to Labor Code Section 226.7.

**SECOND CAUSE OF ACTION**

**FAILURE TO PAY ALL WAGES IN VIOLATION OF**

**(LABOR CODE §§ 510, 1194, 1194.2)**

21. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

22. Plaintiff was required to work off the clock for Defendants, such as taking a drug and alcohol test. Plaintiff was required to test for drug and alcohol. Defendants did not compensate Plaintiff if these tasks were completed outside of his regular work hours. Specifically Plaintiff, from the time that Plaintiff entered the testing facility, it took Plaintiff on the average of 1 hour. These excess hours were not recorded on our client's wage statements. Plaintiff should have been compensated for that time, but he was not in violation of Labor Code Sections 510, 1194, and 1194.2. As a result, Plaintiff was not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay wages constitute violations of Labor Code § 510 and 1194.

23. Plaintiff also claims that Defendant has failed to pay all overtime wages due Plaintiff. As a result, Plaintiff was not properly compensated for work performance in excess of eight (8) hours in a workday and work performed in excess of forty (40) hours in a workweek at a rate of no less than one and one-half times the regular rate of pay. Plaintiff regularly worked in excess of eight (8) hours in a day or more than forty (40) hours per week and did not receive overtime compensation at a rate of one and one half of their regular rate. Plaintiff was forced to work overtime and was not paid for all hours worked including all straight time wages, and overtime wages. These failures to pay all overtime wages constitute violations of Labor Code §§ 510, 1194, 1194.2.

24. As a result of the unlawful acts of Defendants in willfully filing to pay all wages, Plaintiff has been deprived of wages in an amount to be determined at trial, and is entitled to restitution and recovery of such amount, plus interest thereon, attorneys' fees, and costs pursuant to Labor Code § 1194 and liquidated damages pursuant to Labor Code § 1194.2.

**THIRD CAUSE OF ACTION**

**KNOWING AND INTENTIONAL FAILURE TO COMPLY WITH ITEMIZED EMPLOYEE WAGE STATEMENT PROVISIONS**

**(LABOR CODE § 226(a), (e))**

25. Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

26. Section 226(a) of the California Labor Code requires Defendants to provide wage statements to employees. In those wage statements, Defendants must accurately set forth, among other things, the total gross and net wages earned, total hours worked, and all hourly rates in effect for Plaintiff. Defendants have knowingly and intentionally failed to comply with Labor Code § 226(a).

27. The wage statements provided to Plaintiff fail to accurately state all gross wages earned, in violation of Labor Code § 226(a)(1), total hours worked, in violation of Labor Code § 226(a)(2), net wages earned, in violation of Labor Code § 226(a)(5) and all applicable hourly rates during the pay period and the corresponding number of hours worked, in violation of Labor Code § 226(a)(9), as a result of Defendant's failure to pay all overtime wages due.

28. Defendant's violations of Labor Code § 226(a) are knowing and intentional, and Plaintiff has suffered injury as a result of the receipt of defective wage statements, thereby entitling him to penalties pursuant to Labor Code § 226(e).

**FOURTH CAUSE OF ACTION**

**VIOLATION OF LABOR CODE SECTIONS 201, 202 RESULTING IN SECTION 203 WAGES AND PENALTIES (WAITING TIME PENALTIES) FOR FAILURE TO PAY WAGES DUE AT THE TIME OF DISCHARGE**

29. Plaintiff incorporates and re-alleges by reference all previous paragraphs of this Complaint as if fully set forth herein.

30. At all times material herein, the California Labor Code Sections 201, 202, and 203 were in effect and binding on Defendants.

31. California Labor Code § 202 requires employers to pay employees all wages due within seventy-two (72) hours of resignation. California Labor Code § 201 states in pertinent part that "if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately." California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages the employer must, as penalty, continue to pay the subject employee's wages until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

32. Plaintiff was entitled to compensation for unpaid wages, but to date has not

received such compensation. Specifically, Defendants failed to pay Plaintiff all wages due to Plaintiff at the time of his termination. Plaintiff worked without receiving his ten (10) minute rest breaks and uninterrupted thirty (30) minute meal breaks. However, when Plaintiff's position with the company was terminated, Defendants failed to pay Plaintiff premium compensation that Plaintiff was owed for missing his meal and rest breaks. Thus, since Defendants failed to promptly pay Plaintiff all wages due to Plaintiff at the time of his termination, Defendants violated Section 201 of the Labor Code and Plaintiff is therefore entitled to wages and penalties pursuant to Labor Code Section 203.

33. More than 30 days have passed since Defendants terminated Plaintiff.

34. As a consequence of Defendants' willful conduct in not paying wages owed to Plaintiff, Plaintiff is entitled to 30 days of wages as a penalty pursuant to Labor Code § 203 for Defendants' failure to timely pay legal wages, together with attorney's fees and cost of suit, and interest pursuant to California Labor Code Section 218.5.

## FIFTH CAUSE OF ACTION

## FAILURE TO REIMBURSE FOR BUSINESS EXPENSES IN VIOLATION OF LABOR CODE § 2802

35. Plaintiff hereby incorporates preceding paragraphs of this Complaint as though fully set forth herein.

36. Labor Code § 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

37. Plaintiff has incurred reasonable and necessary expenses in the course of their job duties, which were not reimbursed by Defendant, in violation of Labor Code § 2802. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties."

38. Defendant failed to reimburse Plaintiff for all necessary expenditures or losses incurred in direct consequence of their employment, including supplies she purchased to use at work such as computer, cell phone, and internet. Labor Code section 2802 provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." Plaintiff has incurred reasonable and necessary expenses in the course of their job duties, which were not

reimbursed by Defendant, in violation of Labor Code § 2802.

39. Plaintiff is entitled to reimbursement for these necessary expenditures, plus interest and attorneys' fees and cost, under Labor Code § 2802.

**SIXTH CAUSE OF ACTION**

**FAILURE TO TIMELY PAY EMPLOYEES IN VIOLATION OF LABOR CODE § 204(a)(b)**

40. Plaintiff incorporates all preceding paragraphs of this Complaint as though fully set forth herein.

41. At all times relevant herein, Labor Code § 204 was in full force and effect and binding on Defendants.

42. Wages must be paid according to a regularly set schedule. (Labor Code § 204.) All earned wages must be paid at least twice a month, on days designated in advance by the employer. Work performed between the 1st and the 15th days, inclusive, of any calendar month must be paid between the 16th and 26th day of the same month. Work performed between the 16th and the last day of the month must be paid between the 1st and 10th day of the following month. (Labor Code § 204.) Weekly payroll must be paid within seven (7) days of the end of the pay period in which the wages were earned. (Labor Code §§ 204(a), 204(b).)

43. Defendants pay Plaintiff on a weekly basis and have failed to comply with Labor Code § 204(a), which holds that wages earned on weekly basis, must be paid no later than seven calendar days following the close of the payroll period. Due to the violations described above, Plaintiff did not receive all of his wages earned in a timely manner as required by Labor Code § 204(a)(b).

44. Defendants have failed to comply with the above-section because they waited longer than seven days from the last pay-period to pay their weekly paid employees.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff prays that Judgment be entered in his favor and against Defendants and each of them as follows:

1. For a money judgment representing compensatory damages including lost wages, earnings, retirement benefits and other employee benefits, and all other sums of money, together with interest on these amounts, according to proof;

2. For punitive damages, in an amount to be ascertained, according to proof, that will sufficiently punish the named Defendants, make an example of said Defendants, and deter future conduct;

3. For penalties pursuant to Labor Code § 203 for Plaintiff equal to his daily wage multiplied by thirty (30) days;

4. For penalties pursuant to Labor Code § 226(e) for Plaintiff;

5. For penalties pursuant to Labor Code § 558 for Plaintiff;

6. For penalties pursuant to Labor Code § 2802 for Plaintiff;

7. For penalties pursuant to Labor Code § 510 for Plaintiff;

8. For penalties pursuant to Labor Code § 226.7 for Plaintiff;

9. For penalties pursuant to Labor Code § 204(b) for Plaintiff;

10. For costs of suit and attorney fees;

11. For prejudgment and post judgment interest;

12. For any other relief that is just and proper;

DATED: December 13, 2021 OTKUPMAN LAW FIRM, ALC

By: ______________________

Roman Otkupman
Attorneys for Plaintiff, Dean Knox

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

DATED: December 13, 2021 OTKUPMAN LAW FIRM, ALC

By: ______________________

Roman Otkupman
Attorneys for Plaintiff, Dean Knox

# EXHIBIT B

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Roman Otkupman, Esq. Bar No. 249423
Otkupman Law Firm, ALC
5743 Corsa Ave, Suite 123
Westlake Village, CA 91362
TELEPHONE NO.: (818) 293-5623 FAX NO.: (888) 850-1310
ATTORNEY FOR (Name): Plaintiff Dean Knox

FOR COURT USE ONLY

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/14/2021 at 08:55:05 AM
Clerk of the Superior Court
By Veronica Navarro,Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 South Melrose
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: North County Regional Center

CASE NAME:
Dean Knox v. Central Transport LLC, et al.

**CIVIL CASE COVER SHEET**

☑ **Unlimited** (Amount demanded exceeds $25,000) ☐ **Limited** (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2021-00052067-CU-OE-NC

JUDGE: Judge Earl H. Maas III
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☑ punitive
4. Number of causes of action *(specify)*: Six (6)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 13, 2021
Roman Otkupman
(TYPE OR PRINT NAME) (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S Melrose DRIVE
MAILING ADDRESS: 325 S Melrose DRIVE
CITY AND ZIP CODE: Vista, CA 92081-6695
DIVISION: North County
TELEPHONE NUMBER: (760) 201-8028

PLAINTIFF(S) / PETITIONER(S): Dean Knox

DEFENDANT(S) / RESPONDENT(S): Central Transport LLC et.al.

KNOX VS CENTRAL TRANSPORT LLC [IMAGED]

**NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**

CASE NUMBER: 37-2021-00052067-CU-OE-NC

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge: Earl H. Maas, III

Department: N-28

**COMPLAINT/PETITION FILED:** 12/14/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 07/01/2022 | 10:00 am | N-28 | Earl H. Maas, III |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):

- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

## NOTICE OF E-FILING REQUIREMENTS AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases. Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing. E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court. All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program." This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain. The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150. Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed. Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2021-00052067-CU-OE-NC CASE TITLE: Knox vs Central Transport LLC [IMAGED]

**NOTICE: All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:**
**(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),**
**(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and***
**(3) the Notice of Case Assignment form (SDSC form #CIV-721).**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

**Potential Advantages**
- Saves time
- Saves money
- Gives parties more control over the dispute resolution process and outcome
- Preserves or improves relationships

**Potential Disadvantages**
- May take more time and money if ADR does not resolve the dispute
- Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

**Local ADR Programs for Civil Cases**

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, Individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):

- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

**Legal Representation and Advice**

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost*.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |
| PLAINTIFF(S): Dean Knox | |
| DEFENDANT(S): Central Transport LLC et.al. | |
| SHORT TITLE: KNOX VS CENTRAL TRANSPORT LLC [IMAGED] | |
| **STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR)** | CASE NUMBER: 37-2021-00052067-CU-OE-NC |

Judge: Earl H. Maas, III

Department: N-28

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process. Selection of any of these options will not delay any case management timelines.

- ☐ Mediation (court-connected)
- ☐ Mediation (private)
- ☐ Voluntary settlement conference (private)
- ☐ Neutral evaluation (private)
- ☐ Other (*specify e.g., private mini-trial, private judge, etc.*): ______________________
- ☐ Non-binding private arbitration
- ☐ Binding private arbitration
- ☐ Non-binding judicial arbitration (discovery until 15 days before trial)
- ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: *(Name)* ______________________

Alternate neutral (for court Civil Mediation Program and arbitration only): ______________________

Date: ______________________

______________________
Name of Plaintiff

______________________
Signature

______________________
Name of Plaintiff's Attorney

______________________
Signature

Date: ______________________

______________________
Name of Defendant

______________________
Signature

______________________
Name of Defendant's Attorney

______________________
Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385. Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 12/14/2021

______________________
JUDGE OF THE SUPERIOR COURT

# EXHIBIT C

CIV-110

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Roman Otkupman, SBN: 249423
5743 Corsa Ave., Suite 123, Westlake Village, CA 91362
TELEPHONE NO.: 818-293-5623 FAX NO. *(Optional):* 888-850-1310
E-MAIL ADDRESS *(Optional):* roman@olfla.com
ATTORNEY FOR *(Name):* Plaintiff, Dean Knox

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California, County of San Diego
**12/23/2021** at 03:34:00 PM
Clerk of the Superior Court
By Veronica Navarro,Deputy Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego
STREET ADDRESS: 325 South Melrose
MAILING ADDRESS:
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: Dean Knox
DEFENDANT/RESPONDENT: Central Transport LLC, et al.

**REQUEST FOR DISMISSAL**

CASE NUMBER: 37-2021-00052067-CU-OE-NC

**A conformed copy will not be returned by the clerk unless a method of return is provided with the document.**

**This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)**

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice (2) ☑ Without prejudice
   b. (1) ☐ Complaint (2) ☐ Petition
   (3) ☐ Cross-complaint filed by *(name):* on *(date)*:
   (4) ☐ Cross-complaint filed by *(name):* on *(date)*:
   (5) ☐ Entire action of all parties and all causes of action
   (6) ☑ Other *(specify)*:* As to Defendant, Central Transport International, Inc. ONLY

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☑ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: December 23, 2021

Roman Otkupman
(TYPE OR PRINT NAME OF ☑ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross–Complainant

3. **TO THE CLERK:** Consent to the above dismissal is hereby given.**
   Date:

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

(SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief – is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner ☐ Defendant/Respondent
☐ Cross–Complainant

*(To be completed by clerk)*

4. ☑ Dismissal entered as requested on *(date)*: 12/23/2021
5 ☐ Dismissal entered on *(date)*: as to only *(name)*:
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify)*:

7. a. ☑ Attorney or party without attorney notified on *(date)*: 12/23/2021
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
   ☐ a copy to be conformed ☐ means to return conformed copy

Date: 12/23/2021 Clerk, by V. Navarro, Deputy

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-110 [Rev. Jan. 1, 2013]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;
Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390
*www.courts.ca.gov*

CIV-110

| PLAINTIFF/PETITIONER: Dean Knox<br>DEFENDANT/RESPONDENT: Central Transport LLC, et al. | CASE NUMBER:<br>37-2021-00052067-CU-OE-NC |
|---|---|

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name)*:
2. The person named in item 1 is (*check one below)*:
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*
3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one)*: ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: ____________________________

______________________________________________ ▶ ______________________________________________

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION) (SIGNATURE)

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address 5743 Corsa Ave, Suite 123, Westlake Village, CA 91362.

On **December 23, 2021**, I served the foregoing document described as:

**1. Request for Dismissal**

on the interested parties in this action as follows:

**Christian Keeney**
**Alis M. Moon**
**Ogletree, Deakins, Nash,**
**Smoak & Stewart, P.C.**
**Park Tower**
**695 Town Center Drive**
**Fifteenth Floor**
**Costa Mesa, CA 92626**
**christian.keeney@ogletreedeakins.com**
**alis.moon@ogletree.com**

**[] BY U.S. MAIL**. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same date with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit. Executed on ***.***, at Westlake Village, California.

**[X] BY ELECTRONIC SERVICE [EMAIL].** Sending a true copy of the above-described document(s) via electronic transmission from email address brittney@olfla.com to the persons listed above on **December 23, 2021**. The transmission was reported as complete and without error.

**[] BY PERSONAL SERVICE.** I delivered such envelope by hand to the office of the addressee. Executed on ******, at Westlake Village, California.

**[X] STATE:** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Brittney Heller

OTKUPMAN LAW FIRM, ALC
ATTORNEYS AT LAW

# EXHIBIT D

Christian Keeney, CA Bar No. 269533
christian.keeney@ogletree.com
Alis M. Moon, CA Bar No. 293897
alis.moon@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA 92626
Telephone: 714-800-7900
Facsimile: 714-754-1298

Attorneys for Defendant
Central Transport LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**01/13/2022** at 03:55:00 PM

Clerk of the Superior Court
By Amy Woolf,Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

**NORTH COUNTY JUDICIAL DISTRICT**

| | |
|---|---|
| DEAN KNOX, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CENTRAL TRANSPORT LLC, a Michigan Limited Liability Company, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 37-2021-00052067-CU-OE-NC<br><br>**DEFENDANT CENTRAL TRANSPORT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>[Assigned for all purposes to The Honorable Earl H. Mass, III, Dept. N-28]<br><br>Action Filed: December 14, 2021<br>Trial Date: None Set |

Defendant Central Transport LLC ("Defendant") responds to Plaintiff Dean Knox's ("Plaintiff") Complaint ("Complaint") as follows:

**GENERAL AND SPECIFIC DENIALS**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, every allegation in Plaintiff's Complaint, including any allegations that Plaintiff has been damaged in any way by Defendant and/or is entitled to any relief.

**AFFIRMATIVE DEFENSES**

Defendant also asserts the following affirmative defenses to Plaintiff's Complaint and each cause of action.

**FIRST AFFIRMATIVE DEFENSE**

**(Lack of Subject Matter Jurisdiction/Failure to Exhaust Administrative Remedies)**

1. This Court lacks subject matter jurisdiction over this Complaint and/or each cause of action to the extent that Plaintiff failed to timely and/or properly exhaust his administrative remedies as required by applicable law.

**SECOND AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

2. Plaintiff's Complaint and/or each cause of action are barred by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 335.1, 337, 338, 339, 340, and 343; and Labor Code section 203.

**THIRD AFFIRMATIVE DEFENSE**

**(Equitable Doctrines)**

3. Plaintiff's Complaint and/or each cause of action are barred by the equitable doctrines of unclean hands, estoppel, waiver, and laches.

**FOURTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

4. Plaintiff's prayer for damages regarding each cause of action stated in the Complaint are barred because Plaintiff unreasonably failed to use Defendant's policies and procedures, the reasonable use of which would have avoided any alleged damages in whole or part.

**FIFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate)**

5. Plaintiff's Complaint and/or each cause of action are barred by failure to mitigate damages as required by law.

/ / /

/ / /

Knox (Individual Lawsuit) -

**SIXTH AFFIRMATIVE DEFENSE**

**(Uncertainty of the Pleading)**

6. Plaintiff's Complaint and/or each cause of action are barred because Plaintiff fails to plead material allegations with requisite certainty.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Unjust Penalties Barred)**

7. Plaintiff's prayer for penalties under the Labor Code is barred to the extent that such penalties would be unjust, arbitrary, oppressive, or confiscatory.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Accord and Satisfaction)**

8. Plaintiff's Complaint and/or each cause of action are barred by the doctrine of accord and satisfaction.

**NINTH AFFIRMATIVE DEFENSE**

**(Settlement and Release)**

9. Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff has previously settled or released any of the claims alleged in Plaintiff's Complaint.

**TENTH AFFIRMATIVE DEFENSE**

**(No Willful Conduct)**

10. Plaintiff's Complaint and/or each cause of action are barred because Defendant did not willfully, knowingly, or intentionally fail to comply with the compensation provisions of the California Labor Code but rather acted in good faith and had reasonable grounds for believing that Defendant did not violate those provisions.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Good-Faith Dispute)**

11. Plaintiff's claim(s) for waiting time penalties under California Labor Code section 203 are barred because a good faith dispute exists as to whether any wages were or are due to Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Exemption/Exclusion)**

12. Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that Plaintiff is or was exempt or excluded from applicable wage and hour laws, including any applicable Wage Orders.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(*De Minimis* Violations)**

13. Plaintiff's Complaint and/or each cause of action are barred on the grounds and/or to the extent that they are based on alleged *de minimis* violations.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Preemption)**

14. Plaintiff's Complaint and/or each cause of action are barred because they are preempted by federal law, including but not limited to the Federal Aviation Administration Authorization Act ("FAAAA") of 1994 (49 U.S.C. § 14501) and the Motor Carrier Safety Act (49 U.S.C. § 31501 *et seq.*).

**ADDITIONAL AFFIRMATIVE DEFENSES**

**(Reservation of Rights)**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional affirmative defenses available. Defendant reserves the right to assert additional defenses in the event that discovery indicates that such defenses apply.

/ / /

/ / /

/ / /

/ / /

Knox (Individual Lawsuit) -

WHEREFORE, Defendant prays for judgment as follows:

1. That judgment be entered in favor of Defendant, and against Plaintiff;

2. That Plaintiff's Complaint be dismissed in its entirety with prejudice;

3. That Defendant be awarded the costs of suit; and

4. For such other and further relief as the Court deems just and proper.

DATED: January 13, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: ______________________
Christian Keeney
Alis M. Moon

Attorneys for Defendant
Central Transport LLC

Knox (Individual Lawsuit) -

5

DEFENDANT CENTRAL TRANSPORT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**
*Dean Knox v. Central Transport LLC, et al.*
Case No. 37-2021-00052067-CU-OE-NC

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On January 13, 2022, I served the following document(s):

**DEFENDANT CENTRAL TRANSPORT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ **(State)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 13, 2022, at Costa Mesa, California.

Alba DonJuan

Knox (Individual Lawsuit) -

**SERVICE LIST**

| | |
|---|---|
| Roman Otkupman, Esq.<br>OTKUPMAN LAW FIRM,<br>A LAW CORPORATION<br>5743 Corsa Ave., Suite 123<br>Westlake Village, CA 91362<br>Telephone: 818-293-5623<br>Facsimile: 888-850-1310<br>roman@olfla.com | Attorney for Plaintiff<br>Dean Knox |

49682079.1

Knox (Individual Lawsuit) -

7

DEFENDANT CENTRAL TRANSPORT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**
*Dean Knox v. Central Transport LLC, et al.*
Case No. Pending

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On January 14, 2022, I served the following document(s):

**DEFENDANT CENTRAL TRANSPORT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 14, 2022, at Costa Mesa, California.

***/S/Alba DonJuan***
Alba DonJuan

Knox (Individual Lawsuit) - Notice

17

Case No. Pending

DEFENDANT CENTRAL TRANSPORT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

**SERVICE LIST**

Roman Otkupman, Esq.
OTKUPMAN LAW FIRM,
A LAW CORPORATION
5743 Corsa Ave., Suite 123
Westlake Village, CA 91362
Telephone: 818-293-5623
Facsimile: 888-850-1310
roman@olfla.com

Attorney for Plaintiff Dean Knox

Knox (Individual Lawsuit) - Notice

18

Case No. Pending

DEFENDANT CENTRAL TRANSPORT LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446

49943383.v1-Ogletree