1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

Dean KNOX,

Plaintiff,

v.

CENTRAL TRANSPORT LLC, *et al.*,

Defendant.

Case No.:  22-cv-00055-W-BGS

**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE**

16

17   On February 3, 2022, the parties filed their Joint Motion to Continue Early Neutral

18   Evaluation Conference.  (*See* ECF No. 7.)  The parties indicated that before the Early

19   Neutral Evaluation Conference was scheduled, the parties "agreed to attend a private

20   mediation with Steve Rottman, Esq. on July 14, 2022, seeking a resolution of the claims

21   alleged in this Action."  (*Id.* at 2.)  The parties request to continue the Early Neutral

22   Evaluation Conference to "any date convenient for the Court after July 14, 2022" to allow

23   the parties to "focus their efforts on resolving this Action at mediation and to conserve the

24   Court's resources."  (*Id.* at 2–3.)

25   Accordingly, the parties Joint (ECF No. 7) is **GRANTED**.  The Early Neutral

26   Evaluation and Case Management Conference set for April 15, 2022 at 2:00 PM before

27   Magistrate Judge Bernard G. Skomal is **CONTINUED** until **July 29, 2022** at **2:00 PM**.

28

1

1  The conference will be held **via Zoom**.  Instructions regarding the videoconference are
2  included below.

3       **The following are <u>mandatory</u> guidelines for the parties preparing for the Early
4  Neutral Evaluation Conference.**

5       1.     **<u>Purpose of Conference:</u>**   The purpose of the Early Neutral Evaluation
6  Conference ("ENE") is to hold a serious discussion of every aspect of the lawsuit in an
7  effort to achieve an early resolution of the case.  All conference discussions will be off the
8  record, privileged and confidential.  Counsel for any non-English speaking parties is
9  responsible for arranging for the appearance of an interpreter at the conference.

10       2.     **All parties, adjusters for insured defendants, and client representatives
11  must participate in the conference and have full and complete authority to enter into
12  a binding settlement at the ENE.**[1]   The purpose of this requirement is to have
13  representatives present who can settle the case during the course of the conference without
14  consulting a superior.  Counsel for a government entity may be excused from this
15  requirement so long as the government attorney who participates in the ENE conference
16  (1) has primary responsibility for handling the case; and (2) may negotiate settlement offers
17  which the attorney is willing to recommend to the government official having ultimate
18  settlement authority.  Other parties seeking permission to be excused from participating in
19  the ENE must follow the procedures outlined in Judge Skomal's Chambers' Rules.  (*See*
20  Judge Skomal's Chambers' Rules II.C.)  Failure of any of the above parties to participate
21  in the ENE conference without the Court's permission will be grounds for sanctions.  The

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to
fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.
*Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have
"unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Intl.,
Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The person must be able to bind the party without the
need to call others not present at the conference for authority or approval. The purpose of requiring a
person with unlimited settlement authority to attend the conference includes that the person's view of the
case may be altered during the face to face conference.  *Id.* at 486.  A limited or a sum certain of authority
is not adequate.  *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

1   principal attorneys responsible for the litigation must also participate and be prepared to

2   discuss all of the **legal and factual** issues in the case.

3        3.        **Confidential ENE Statements Required:**  No later than **July 15, 2022**, the

4   parties must submit confidential statements of seven pages or less to Judge Skomal.  Please

5   also attach relevant exhibits. The statement must address the legal and factual issues in the

6   case and should focus on issues most pertinent to settling the matter.  Statements do not

7   need to be filed or served on opposing counsel.  The statement must also include any prior

8   settlement offer or demand, as well as the offer or demand the party will make at the ENE.

9   The Court will keep this information confidential unless the party authorizes the Court to

10  share the information with opposing counsel. **ENE statements must be emailed to**

11  **efile_Skomal@casd.uscourts.gov.**

12       4.        **New Parties Must Be Notified by Plaintiff's Counsel:**  Plaintiff's counsel

13  shall give notice of the ENE to parties responding to the complaint after the date of this

14  notice.

15       5.        **Case Management Conference:**  Any objections made to initial disclosures

16   pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)–(D) are overruled, and the parties

17   are ordered to proceed with the initial disclosure process.  Any further objections to initial

18   disclosure will be resolved as required by Rule 26 and Judge Skomal's Chambers' Rules

19   regarding discovery disputes.  Accordingly:

20       a.        The Rule 26(f) conference shall be completed on or before **July 1,**

21  **2022**;

22       b.        The date of initial disclosure pursuant to Rule 26(a)(1)(A–D) shall

23  occur before **July 8, 2022**;

24       c.        A Joint Discovery Plan shall be filed on the CM/ECF system as well as

25  emailed to efile_skomal@casd.uscourts.gov on or before **July 15, 2022**. The plan must be

26  one document and must explicitly cover the parties' views and proposals for each item

27  identified in Fed. R. Civ. P. 26(f)(3).  Agreements made in the Discovery Plan will be

28

1  treated as binding stipulations that are effectively incorporated into the Court's Case

2  Management Order.

3       In cases involving significant document production or any electronic discovery, the

4  parties must also include the process and procedure for "claw back" or "quick peek"

5  agreements as contemplated by Fed. R. Evid. 502(d).  The parties should also address

6  whether an order providing for protection under Rule 502(e) is needed.

7       Finally, the parties must thoughtfully meet and confer about electronic discovery

8  and include answers to the following questions in the Discovery Plan:

9          i.    Are there any preservation issues?  If so, what are they and how are the

10               parties addressing the issues;

11         ii.   What form of production have the parties agreed to? Are there any

12               disputes with respect to the parties' preferred form of production?

13               What is the parties' positions respecting Metadata;

14         iii.  Are there any proportionality issues?   Specifically address Rule

15               26(b)(2)(B) relating to inaccessible electronically stored information

16               ("ESI");

17         iv.   What have the parties decided regarding the methodologies for

18               identifying ESI for production?  For instance, will the parties conduct

19               key word searching, use predictive coding, or other advanced culling

20               techniques.

21       In the event the case does not settle at the ENE, a Case Management Conference,

22  pursuant to Federal Rule of Civil Procedure 16(b) will be held at the conclusion of the

23  settlement conference.

24       6.     **Requests to Continue an ENE Conference:**  Requests to continue ENEs are

25  rarely granted.  The Court will, however, consider formal motions to continue an ENE

26  when extraordinary circumstances exist and the other party has no objection.  If another

27  party objects to the continuance, counsel for both parties must call chambers and discuss

28  the matter with the research attorney/law clerk assigned to the case before any motion may

1
2
3
4

be filed.  **Any request for a continuance must be made as soon as counsel is aware of the circumstances that warrant rescheduling the conference.  <u>Requests to continue the ENE based on preexisting scheduling conflicts must be raised within 10 days of the Court's issuance of this Order.</u>**

5
6
7
8

      7.    **<u>Settlement Prior to ENE Conference:</u>**  The Court encourages the parties to work on settling the matter in advance of the ENE Conference.  In the event that the parties resolve the matter prior to the day of the conference, the following procedures must be followed before the Court will vacate the ENE:

9
10
11

      A.    The parties may file a Joint Motion to Dismiss and submit a proposed order to the assigned district judge.  If a Joint Motion to Dismiss is filed, the Court will immediately vacate the ENE;

12
13
14
15

      B.    If the parties settle more than 24 hours before the conference but are not able to file a Joint Motion to Dismiss, they must file a **Joint** Notice of Settlement containing the **electronic signatures of counsel for all settling parties** and must also identify a date by which the Joint Motion to Dismiss will be filed;

16
17
18

      C.    If the parties settle less than 24 hours before the conference, counsel for the settling parties must JOINTLY call chambers and inform the Court of the settlement and receive Court permission not to participate in the ENE.

19

**<u>Video Conference Instructions:</u>**

20
21
22
23
24

      8.    The Court will use its official Zoom video conferencing account to hold the ENE.  IF YOU ARE UNFAMILIAR WITH ZOOM: Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[2]  Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the

25
26

---

27
28

[2] If possible, participants are encouraged to use laptops or desktop computers for the video conference, rather than mobile devices.

22-cv-00055-W-BGS

app (if using a mobile device).  Participants are encouraged to create an account, install Zoom and familiarize themselves with Zoom in advance of the ENE.[3]  There is a cost-free option for creating a Zoom account.

9.    Prior to the start of the ENE, the Court will email counsel for each party an invitation to join a Zoom video conference that they must provide to participating client(s). The Court will send the invitation to the email addresses listed for counsel in the case docket.  If counsel does not receive an invitation to join the Zoom video conference by the end of the day on **July 28, 2022**, please email chambers at efile_skomal@casd.uscourts.gov.  Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation.  Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding. Zoom may then prompt participants to enter the password included in the invitation.[4] All participants will be placed in a waiting room until the ENE begins.

10.    Each participant should plan to join the Zoom video conference at least five minutes before the start of the ENE to ensure that the ENE begins promptly at 2:00 PM. The Zoom e-mail invitation may indicate an earlier start time, but the ENE will begin at the Court-scheduled time.

11.    Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE. The Court may divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[5]  In a Breakout Room, the Court

---

[3] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

[4] A Meeting ID will also be included and may be used along with the password to access the conference if necessary.

[5] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646

22-cv-00055-W-BGS

1  will be able to communicate with participants from a single party in confidence. Breakout

2  Rooms will also allow parties and counsel to communicate confidentially without the

3  Court.

4        12.    All participants shall display the same level of professionalism during the

5  ENE and be prepared to devote their full attention to the ENE as if they were attending in

6  person, *i.e.*, cannot be driving while speaking to the Court. Because Zoom may quickly

7  deplete the battery of a participant's device, each participant should ensure that their device

8  is plugged in or that a charging cable is readily available during the video conference.

9        Questions regarding this case or the mandatory guidelines set forth herein may be

10  directed to Judge Skomal's research attorney at (619) 557-2993.  Please consult Judge

11  Skomal's rules, available on the Court's website, before contacting chambers with your

12  questions.

13        **IT IS SO ORDERED**.

14  Dated:  February 8, 2022

15                                        _____
                                          Hon. Bernard G. Skomal
16                                        United States Magistrate Judge

17

18

19

20

21

22

23

24

25

26

27

28

22-cv-00055-W-BGS